LUIS GONZÁLEZ PERALTA, ET AL., Plaintiffs and Appellants, v. IRMA LÓPEZ CEPERO, Defendant and Appellee.

No. 9970. Argued April 5, 1949.—Decided April 28, 1949.

*Ruiz Suria & Ruiz Suria* for appellants. *Armando A. Miranda* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The defendant and appellee filed in this Court a motion to dismiss as frivolous the appeal taken from the judgment denying an action for damages brought by Luis González Peralta and others against her. The motion does not state in what consists the frivolity of the appeal nor does appellee attach any paper to prove it. But the appellants filed a motion asking leave to appeal without the need of filing a transcript of the evidence, alleging that the appeal merely involved a question of law which could be decided on the judgment roll which they attached.

It appears from the judgment roll that appellee herein had instituted an unlawful detainer proceeding in the Municipal Court of San Juan against appellants herein, and that the complaint was granted; that the defendants appealed to the district court within the statutory period but furnished no bond nor deposited the rentals which they owed in order to perfect their appeal. On this ground plaintiff therein, defendant and appellee in this case, sought the dismissal of the appeal and the court so ordered. The defendant and appellee herein obtained the eviction of the defendants in that case and the latter brought this action for damages on the ground that the eviction was obtained before the forty days counted from the day the judgment became final expired. Appellants maintain that the judgment of unlawful detainer did not become final until after the appeal was dismissed in the district court. The appellee, on the contrary, urges that the judgment became unappealable (*firme*) on the expiration of the five-day period after notice of the judgment of unlawful detainer was served on the defendants therein, and that the eviction took place after the forty days following the aforesaid period of five days had elapsed.

The only question for decision in this motion for dismissal is which of the two dates should be taken as a basis for determining when the judgment of unlawful detainer became unappealable. If the judgment was *already* unap-

pealable when the eviction took place there is no doubt that the appeal from the judgment dismissing the complaint for damages is frivolous. Section 631 of the Code of Civil Procedure, as amended by Act No. 170 of May 9, 1942 (page 888) provides "the defendant shall be denied the right of appeal unless he executes an undertaking to the satisfaction of the court, to answer for the damages he may cause to the plaintiff, and for the costs of the appeal; and when the unlawful detainer is based on the nonpayment of sums agreed upon, the defendant may, at his option, execute the said undertaking, or deposit with the clerk of the court the amount of the indebtedness up to the date of judgment."

Since the defendants in eviction did not furnish the bond nor deposit with the clerk of the court the amount of the indebtedness up to the date of the judgment, the appeal was never taken. This being so, the judgment of unlawful detainer, under § 630 of the Code of Civil Procedure, became unappealable on the expiration of the five-day period counted from the notice of said judgment on the defendants. Accordingly, the eviction was made within the statutory period and the plaintiffs have no cause of action against the defendants. The appeal, therefore, is clearly frivolous and must be dismissed.

Mr. Justice Marrero did not participate herein.